IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| APRIL MASCORRO, DIANA MASCORRO, OLIVER ANGUIANO, §§§§§ *Plaintiffs,* §§ vs. §§§§§§§§ WESTWOOD INN LLC, A TEXAS LIMITED LIABILITY COMPANY; NIREN PATEL & ASSOCIATES PC, A TEXAS CORPORATION; AND NIREN PATEL, §§§§§§§ *Defendants.* | SA-23-CV-00505-JKP |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiffs' Motion to Compel Responses to Interrogatories and Motion for Attorneys' Fees [#17]. By their motion, Plaintiffs ask the Court to compel interrogatory responses from Defendants Westwood Inn, LLC, and Niren Patel & Associates, PC, to Interrogatories 2, 6, and 9. Plaintiffs contend Defendants' responses are deficient because they contain internal inconsistencies, are vague and ambiguous, and do not respond to all aspects of the questions posed by the Interrogatories.

Defendants filed a response in opposition to the motion [#18], to which Plaintiffs filed a reply [#19]. The parties also each filed separate advisories regarding the disputes underlying the motion [#23, #24]. The Court held a hearing on the motion on September 28, 2023, at which counsel for all parties appeared via videoconference. After considering the parties' written filings and the arguments of counsel at the hearing, the Court issued certain oral rulings, which it now memorializes with this written Order.

1

This case arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Plaintiffs allege they were employees of Defendants Westwood Inn and Niren Patel & Associates, which operated as a joint enterprise, and were not paid the minimum wage and overtime compensation they are due. Plaintiffs served discovery on Defendants on July 12, 2023, including Interrogatories requesting information regarding the amount Plaintiffs were paid each workweek and other pay information (Interrogatory 2); regarding the identity of all persons who worked for Defendants and their duties and hours worked (Interrogatory 6); and regarding the business relationship between Defendants (Interrogatory 9).

Defendants admit that they lack personal knowledge of Plaintiffs' and other employees' work schedules and duties because they failed to keep records of Plaintiffs' hours worked in accordance with the FLSA's recordkeeping requirements, and Niren Patel (the owner of the entity Defendants) was physically absent from the property and only visited once a month. Thus, Defendants' responses to Interrogatory 2 and 6 both state that they lack personal knowledge of all the specific information sought. However, Defendants also respond that Niren Patel has some personal knowledge generally relevant to the Interrogatories based on his review of various reports generated by the Property Management System (which records the occupancy of the inn, for example) and general experience with some of Plaintiffs' duties and the time it takes to perform them. Plaintiffs objected to the portion of Defendants' responses based on this general knowledge, as opposed to specific personal knowledge of the precise hours, schedules, and duties of Plaintiffs and other inn employees. Plaintiffs ask the Court to compel amended responses to the three Interrogatories at issue.

Rule 37 governs motions to compel. If a party fails to answer an interrogatory as requested under Rule 34, a party seeking the discovery may move for an order compelling the

production. Fed. R. Civ. P. 37(a)(3)(B). The moving party bears the burden to show that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested fall within the scope of discovery, the burden shifts to the nonmovant to show "how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018).

The parties do not dispute that the requested information is relevant to Plaintiffs' FLSA claims. Defendants agreed at the hearing to retract the challenged portions of Interrogatories 2 and 6. The Court will therefore grant in part Plaintiffs' motion and order Defendants to file amended responses without the challenged language within 10 days. As to Interrogatory 9, Defendants have agreed to supplement their responses to include additional information regarding the business relationships between Defendants. The Court will therefore also grant the motion in part as to this Interrogatory and order supplementation within 10 days.

Finally, the Court will deny Plaintiffs' motion in part as to the request for attorneys' fees. *See* Fed. R. Civ. P. 37(d). Counsel for Defendants explained at the hearing that Plaintiffs did not fully confer with Defendants prior to filing the motion to compel and all of the relief obtained by Plaintiffs in this Order (and most of the relief requested in the motion) was offered to Plaintiffs by Defendants prior to the Court's hearing. An award of fees is therefore not appropriate.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Responses to Interrogatories and Motion for Attorneys' Fees [#17] is **GRANTED IN PART** as to Interrogatories 2, 6, and 9 as set forth herein and is in all other respects **DENIED**.

**IT IS FURTHER ORDERED** that Defendants serve Plaintiffs with amended responses to Interrogatories 2, 6, and 9 on or before **October 12, 2023**.

**IT IS SO ORDERED.**

SIGNED this 2nd day of October, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE